# UNITED STATES COURT OF APPEALS
# CIRCUIT

APPLICATION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE
28 U.S.C. § 2255
BY A PRISONER IN FEDERAL CUSTODY

United States District Court
Southern District of Texas
FILED

DEC 0 6 2000

Michael N. Milby
Clerk of Court

Name: KISHA ESPARZA

B-00-185

CR-B-98-01-02

Place of Confinement & Mailing Address:
FEDERAL MEDICAL CENTER, CARSWELL
BOX 27137 / MHU-IN
FORT WORTH, TX 76127

## INSTRUCTIONS—READ CAREFULLY

(1) This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

Prisoner Number
#16342-074

(2) All questions must be answered concisely in the proper space on the form.

(3) The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4) All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases. In capital cases only, the use of this form is optional.

(5) Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds. **DO NOT SUBMIT SEPARATE**

Page 1                                                         June 20, 1996

PETITIONS, MOTIONS, BRIEFS, ARGUMENTS, ETC., EXCEPT IN CAPITAL CASES.

(6)   In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive motion can be granted by the United States Court of Appeals, <u>it is the applicant's burden</u> to make a <u>prima facie</u> showing that he satisfies either of the two conditions stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)   When this application is fully completed, the original and three copies must be mailed to:

**Clerk of Court
United States Court of Appeals for the             Circuit**

# APPLICATION

1. (a) State and division of the United States District Court which entered the judgment of conviction under attack   SOUTHERN DIVISION OF TEXAS BROWNSVILLE.

   (b) Case number   98-41429

2. Date of judgment of conviction   SEPTEMBER 3, 1998.

3. Length of sentence   27 MONTHS   Sentencing Judge   FILEMON B. VELA.

4. Nature of offense or offenses for which you were convicted)   U.S.C. 2 & 21 U.S.C. 846 (1 R54-55), 841 (A)(1), 841 (B)(1)(B).

5. Related to this conviction and sentence, have you ever filed a motion to vacate pursuant to 28 U.S.C. § 2255 in any federal court?
   Yes ( )   No (X)   If "yes", how many times? _____ (if more than one, complete 6 and 7 below as necessary)
   (a) Name of court _____
   (b) Date filed _____ (c) Case number _____
   (d) Grounds raised (list all grounds; use extra pages if necessary) _____

   (e) Result
       Denied ( )         Granted ( )         Other ( )(explain below)

   What reasons did the Court give for its ruling?

   (f) Date of result _____

6. As to any second federal motion, give the same information:   NO.

Page 3

(a) Name of court _____
(b) Date filed _____ (c) Case number _____
(d) Grounds raised (list all grounds; use extra pages if necessary)_____
_____
_____
_____
_____
_____

(e) Result
    Denied ( )    Granted ( )    Other ( )(explain below)
_____

What reasons did the Court give for its ruling?
_____
_____
_____
_____

(f) Date of result _____

7. As to any third federal motion, give the same information: **No.**
(b) Date filed _____ (c) Case number _____
(d) Grounds raised (list all grounds; use extra pages if necessary)_____
_____
_____
_____
_____
_____

(e) Result
    Denied ( )    Granted ( )    Other ( )(explain below)
_____

What reasons did the Court give for its ruling?
_____
_____
_____
_____

(f) Date of result _____

Page 4

8. State <u>concisely</u> every ground on which you <u>now</u> claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   A. Ground one: _____

      Supporting FACTS (tell your story briefly without citing cases or law):
      _____
      _____
      _____
      _____
      _____

      Does this claim rely on a "new rule of constitutional law?"   Yes (XX)   No ( )
      If "yes," state the new rule of law (give case name and citation):
      **AMENDMENT OF NOVEMBER 1, 2000.**
      _____

      Does this claim rely on "newly discovered evidence?"   Yes ( )   No ( )
      If "yes," briefly state the newly discovered evidence, and why it was not previously available to you _____
      _____
      _____
      _____
      _____
      _____

   B. Ground two: _____

      Supporting FACTS (tell your story briefly without citing cases or law):
      _____
      _____
      _____
      _____
      _____

      Does this claim rely on a "new rule of constitutional law?"   Yes ( )   No ( )
      If "yes," state the new rule of law (give case name and citation):
      _____

Page 5

Does this claim rely on "newly discovered evidence?"   Yes ( )   No ( )
If "yes," briefly state the newly discovered evidence, and why it was not previously available to you _____
_____
_____
_____
_____   _____
_____
_____

   **[Additional grounds may be asserted on additional pages if necessary]**

9.   Do you have any motion or appeal now pending in any court as to the judgment now under attack?   Yes ( )   No (X)
     If "yes," name of court _____ Case number _____

   Wherefore, applicant prays that the United States Court of Appeals for the Eleventh Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

                                        _____
                                               Applicant's Signature
                                        KISHA ESPARZA   #16342-074

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on   DECEMBER 1, 2000
                    [date]
                                        _____
                                               Applicant's Signature
                                        KISHA ESPARZA   #16342-074

Page 6

1202, 1207 (9th Cir. 1998) (same), with *United States v. Sims*, 174 F.3d 911 (8th Cir. 1999) (district court lacks authority at resentencing following an appeal to depart on ground of post-conviction rehabilitation which occurred after the original sentencing; refuses to extend holding regarding departures for post-offense rehabilitation to conduct that occurs in prison; departure based on post-conviction conduct infringes on statutory authority of the Bureau of Prisons to grant good-time credits). In *Sims*, the Eighth Circuit concluded that a rule allowing a departure at resentencing based on post-sentencing rehabilitation would result in unwarranted disparity because resentencing would be a fortuitous event benefitting only some defendants; would reinstate a parole-like system; and would interfere with the authority of the Bureau of Prisons to award good-time credits. *See Sims*, 174 F.3d at 912–13; *Rhodes*, 145 F.3d at 1384 (Silberman, J., dissenting).

The Commission determined that post-sentencing rehabilitative efforts should not provide a basis for a downward departure when resentencing a defendant initially sentenced to a term of imprisonment because such a departure would (1) be inconsistent with policies established by Congress under the Sentencing Reform Act, including the provisions of 18 U.S.C.3624(b) for reducing the time to be served by an imprisoned person; and (2) inequitably benefit only those few who gain the opportunity to be resentenced *de novo*, while others, whose rehabilitative efforts may have been more substantial, could not benefit simply because they chose not to appeal or appealed unsuccessfully. Additionally, prohibition on downward departure for post-sentencing rehabilitative efforts is consistent with Commission policies expressed in 1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range). This amendment does not restrict departures based on extraordinary post-offense rehabilitative efforts prior to sentencing. Such departures have been allowed by every circuit that has ruled on the matter, post-[illegible] *United States v. Brock*, 108 F.3d 31 (4th Cir. 1997). The effective date of this amendment is November [illegible].

### § 5K2.20. Aberrant Behavior (Policy Statement)

A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. However, the court may not depart below the guideline range on this basis if (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point, as determined under Chapter Four (Criminal History and Criminal Livelihood); or (5) the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four.

(Effective November 1, 2000.)

#### Proposed Enactment of Section

*Effective November 1, 2000, absent contrary Congressional action, this section is enacted.*

#### Commentary

*Application Notes:*

1. *For purposes of this policy statement—*

*"Aberrant behavior" means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding [life].*

*"Dangerous weapon," "firearm," "otherwise used," and "serious bodily injury" have the meaning given those terms in the Commentary to 1.1 (Application Instructions).*

*"Serious drug trafficking offense" means any controlled substance offense under title [21], United States Code, other than simple possession under 21 U.S.C. § 844, that, because [the] defendant does not meet the criteria under § 5C1.2 (Limitation on Applicability [of] Statutory Mandatory Minimum Sentences in Certain Cases), results in the imposition [of a] mandatory minimum term of imprisonment upon the defendant.*

2. *In determining whether the court should depart on the basis of aberrant behavior, [the] court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and [(E)] efforts to mitigate the effects of the offense.*

#### HISTORICAL NOTES
#### Proposed 2000 Amendments

This amendment responds to a circuit conflict regarding whether, for pur[poses of] downward departure from the guideline range, a "single act of aberrant behavior" (C[...]

## PART H—SPECIFIC OFFENDER CHARACTERISTICS

### § 5H1.3. Mental and Emotional Conditions (Policy Statement)

#### NOTES OF DECISIONS

**3. Childhood neglect and abuse**

In extraordinary circumstances, district court may properly grant a downward departure under Sentencing Guidelines on the ground that extreme childhood abuse caused mental and emotional conditions that contributed to the defendant's commission of the offense. U.S. v. Rivera, C.A.2 (Conn.) 1999, 192 F.3d 81, certiorari denied 120 S.Ct. 965, 145 L.Ed.2d 836.

## PART K—DEPARTURES

### 2. OTHER GROUNDS FOR DEPARTURE

### § 5K2.0. Grounds for Departure (Policy Statement)

#### NOTES OF DECISIONS

**I. GENERALLY**

**4. Discretion of court**

Sentencing defendants, who pleaded guilty to making false statements to the Federal Bureau of Investigation (FBI) regarding injuries sustained by their infant child, by departing upward under the guideline for aggravated assault, the suspected but uncharged real offense conduct, was an abuse of discretion. U.S. v. Lawton, C.A.9 (Idaho) 1999, 193 F.3d 1087.

### § 5K2.1. Death (Policy Statement)

#### NOTES OF DECISIONS

**3. Multiple deaths**

U.S. v. Menzer, C.A.7 (Wis.) 1994, 29 F.3d 1223, certiorari denied 115 S.Ct. 515, 513 U.S. 1002, 130 L.Ed.2d 422, [main volume] denial of post-conviction relief affirmed 200 F.3d 1000.

### § 5K2.19. Post-Sentencing Rehabilitative Efforts (Policy Statement)

Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. 3583(e)(1).)

(Effective November 1, 2000.)

**Proposed Enactment of Section**

*Effective November 1, 2000, absent contrary Congressional action, this section is enacted.*

**Commentary**

***Background:*** *The Commission has determined that post-sentencing rehabilitative measures should not provide a basis for downward departure when resentencing a defendant initially sentenced to a term of imprisonment because such a departure would (1) be inconsistent with the policies established by Congress under 18 U.S.C. 3624(b) and other statutory provisions for reducing the time to be served by an imprisoned person; and (2) inequitably benefit only those who gain the opportunity to be resentenced de novo.*

**HISTORICAL NOTES**

**Proposed 2000 Amendments**

This amendment was prompted by the circuit conflict regarding whether sentencing courts may consider an offender's post-offense rehabilitative efforts while in prison or on probation as a basis for downward departure at resentencing following an appeal. *Compare United States v. Rhodes,* 145 F.3d 1375, 1379 (D.C. Cir. 1998) (post-conviction rehabilitation is not a prohibited factor and, therefore, sentencing courts may consider it as a possible ground for downward departure at resentencing); *United States v. Bradstreet,* 207 F.3d 76 (1st Cir. 2000); *United States v. Core,* 125 F.3d 74, 75 (2d Cir. 1997) ("We find nothing in the pertinent statutes or the Sentencing Guidelines that prevents a sentencing judge from considering post-conviction rehabilitation in prison as a basis for departure if resentencing becomes necessary.") cert. denied, 118 S. Ct. 735 (1998); *United States v. Sally,* 116 F.3d 76, 80 (3d Cir. 1997) (holding that "post-offense rehabilitations efforts, including those which occur post-conviction, may constitute a sufficient factor warranting a downward departure"); United States v. Rudolph, 190 F.3d 720, 723 (6th Cir. 1999); *United States v. Green,* 152 F.3d